UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION AT CHARLOTTESVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 12 |
| LAURIE ELLEN PACE, ) | Case Number 22-60591 |
| ) | |
| Debtor. ) | |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION
TO MOTION TO CONVERT TO CHAPTER 11**

COMES NOW John P. Fitzgerald, III, Acting United States Trustee for Region Four, by counsel, and states as follows for his limited objection to the Debtor's Motion to Convert Case to Chapter 11 Subchapter V (Docket No. 46) (the "Motion to Convert"):

1. The Debtor, Laurie Ellen Pace, filed a voluntary petition for relief under chapter 12 of the bankruptcy code on June 15, 2022. At the time the Debtor was proceeding *pro se*.

2. The Debtor retained counsel to represent her in the case on or about July 19, 2022. *See* Docket No. 19.

4. On January 10, 2023, the Debtor, by counsel, filed the Motion to Convert.

5. Conversion from chapter 12 is governed by 11 U.S.C. § 1208. The relevant subsections of that Section provide:

> (a) The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable.
>
> * * *
>
> (e) Notwithstanding any other provision of this section, a case may not be converted to case under another chapter of this title unless the debtor may be a debtor under such chapter.

6. The express terms of Section 1208(a) do not permit a case to be converted from chapter 12 to chapter 11. This was recognized by *In re Christy*, 80 B.R. 361, 362 (Bankr. E.D.

1

Va. 1987) (Judge Tice), a case that is directly on point. In *Christy*, the debtors sought to convert from chapter 12 to chapter 11 because they exceeded the debt limits in chapter 12. *See Christy* at 362. Judge Tice denied conversion.

7. In *Christy*, the court first looked at the Bankruptcy Code, explaining that:

> The Bankruptcy Code contains rather detailed provisions relating to the conversion of bankruptcy cases from one code chapter to another. *See*, 11 U.S.C. Sections 706, 1112, 1208, 1307 (West Supp.1987). In chapter 12 cases, Section 1208 provides for conversion of a chapter 12 case to a case under chapter 7, but the section is silent as to the authority to convert a chapter 12 case to a case under chapter 11 or chapter 13. By contrast, the conversion sections of the other chapters specifically allow for extensive conversion. Section 706 authorizes conversion of a chapter 7 case to a case under either chapter 11, 12 or 13; Section 1112 allows for conversion of a chapter 11 case to a case under chapter 7, 12 or 13; and under Section 1307 a chapter 13 case may be converted to a case under chapter 7, 11 or 12. The conditions for a particular conversion are set out in each code section.
>
> Given this statutory scheme for conversion of cases, the omission of code language allowing for conversion of a chapter 12 case to a case under chapter 11 under any circumstances is conspicuous.

*Christy* at 362.

8. The court then looked at the legislative history of chapter 12 and Section 1208, concluding that "the legislative history for chapter 12 indicates that the omission of this authority [to convert to chapter 11 or 13] from Section 1208 was intentional and that Congress opted to deny a chapter 12 debtor the ability to convert a chapter 12 case to a case under chapter 11 or chapter 13." *Id.* The court explained that an earlier version of chapter 12 that Congress considered included a right to convert a chapter 12 case to chapter 11 or chapter 13, provided that the chapter 12 case had been filed in good faith. The final bill did not include this language. *See id.* at 363. The court found that this was "at least an indication that Congress specifically rejected the concept of allowing a debtor to convert a chapter 12 case to a case under chapter 11 or (chapter 13). Support for this conclusion may be found in the commentary accompanying the Senate version of chapter

2

12 which suggests that there were concerns about debtors filing under the new chapter and then converting their cases after having had the protections of the new chapter 12." *Id.* (parenthesis in original).

9. Finally, Judge Tice pointed to the general rule that a bankruptcy court is a court of "limited jurisdiction and power, [and] possesses only those powers authorized by Congress. Accordingly, this Court should not exercise its equitable powers in a manner inconsistent with the provisions of the Bankruptcy Code." *Id.* This is as true now as it was when *Christy* was decided. In fact, the Supreme Court has repeatedly stated this rule regarding the bankruptcy courts. *See e.g., Law v. Siegel*, 571 U.S. 415, 421 (2014) ("We have long held that whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code.") (quotation omitted).

10. Along a similar line, the Supreme Court has repeatedly held recently that the words of the Bankruptcy Code must be given effect as written. *See Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 134 (2015) ("Our job is to follow the text even if doing so will supposedly undercut a basic objective of the statute.") (citation and quotation omitted); *Law v. Siegel*, 571 U.S. 415, 426-27 (2014) ("We have recognized, however, that in crafting the provisions of § 522, Congress balanced the difficult choices that exemption limits impose on debtors with the economic harm that exemptions visit on creditors. The same can be said of the limits imposed on recovery of administrative expenses by trustees. For the reasons we have explained, it is not for courts to alter the balance struck by the statute.") (citations and quotations omitted); *Lamie v. United States Trustee*, 540 U.S. 526, 538 (2004) ("Our unwillingness to soften the import of Congress' chosen words even if we believe the words lead to a harsh outcome is longstanding. It results from

3

deference to the supremacy of the Legislature, as well as recognition that Congressmen typically vote on the language of a bill.") (citations and quotations omitted).

11. The holding in Christy is consistent with the decisions of other bankruptcy courts. *See In re Colon*, 2016 WL 3548821 at *5 (Bankr. D. Puerto Rico 2016); *In re Stumbo*, 301 B.R. 34, 37 (Bankr. S.D. Iowa 2002); *In re Roeder Land & Cattle Co.*, 82 B.R. 536, 537 (Bankr. D. Neb. 1988).[1]

12. There are cases permitting a debtor to convert from chapter 12 to chapter 11. *See e.g., In re Orr*, 71 B.R. 639, 643 (Bankr. E.D.N.C. 1987). One of the leading cases permitting conversion from chapter 12 to chapter 11 set out the following test: "the debtor has filed in good faith, there is no prejudice to the creditors, and such conversion would be equitable." *In re Miller*, 177 B.R. 551, 553 (Bankr. N.D. Ohio 1994).

13. The Motion to Convert specifically requests conversion to subchapter V of chapter 11. It is not a given that a debtor may proceed in subchapter V when their case was not originally filed as a subchapter V case and the debtor later attempts to amend their petition to proceed in subchapter V. *See In re Wetter*, 620 B.R. 243, 254-55 (Bankr. W.D. Va. 2020) (Judge Black) (holding that if the debtor converted to chapter 11 and elected subchapter V the Court would decline to extend the time for the debtor to file a plan under Section 1189(b), which would immediately put the debtor in default of Section 1112(b)(4)(J)).

---

[1] Counsel for the United States Trustee has not found any decisions on point from the United States Bankruptcy Court for the Western District of Virginia or any binding authority on point. The Fourth Circuit Court of Appeals does not appear to have ever cited to Section 1208.

14. Should the Court permit conversion to chapter 11 the United States Trustee reserves the right to object to the Debtor's election to proceed in subchapter V as provided in Federal Rule of Bankruptcy Procedure 1020.[2]

WHEREFORE, the United States Trustee, by counsel, requests that the Court deny the Debtor's Motion to Convert and award him such other relief as may be just and proper.

Date:   January 18, 2023

Respectfully submitted,
John P. Fitzgerald, III, United States Trustee

By: /s/ B. Webb King

B. Webb King (VSB #47044)
Trial Attorney
Office of the United States Trustee
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
540-857-2838
webb.king@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on January 18, 2023, I electronically filed the foregoing with the United States Bankruptcy Court for the Western District of Virginia which caused electronic notifications of filing to be served on all registered users of the CM/ECF system that have appeared in this case, including counsel for the Debtor and the Chapter 12 Trustee.

/s/ B. Webb King

---

[2] A debtor does not file a motion to proceed under subchapter V.  Instead, a debtor "converting" to subchapter V files an amended petition making the subchapter V election.  *See Wetter*, 620 B.R. at 253-54.  The procedure to object to such an election is governed by Rule 1020 subsections (b) and (c).